UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JUDI KOSTERMAN,

                    Plaintiff,

v.

NEWPORT BRAIN RESEARCH LABORATORY, INC., a California Corporation; NBRL GLOBAL LTD., a Cayman Islands exempted company; NBRL US, a California Corporation; NBRL A, INC., a Delaware Corporation; WAVE NEUROSCIENCE, INC., a Delaware Corporation, and DOE DEFENDANTS 1-10, inclusive,

                    Defendants.

Case No. 3:19-cv-00461-LRH-CBC

ORDER

Plaintiff has filed a motion for a temporary restraining order ("TRO") and preliminary injunction against defendants Newport Brain Research Laboratory, Inc. ("Newport"), a California Corporation; NBRL Global Ltd., a Cayman Islands exempted company; NBRL US, a California Corporation; NBRL A, Inc., a Delaware Corporation; and Wave Neuroscience, Inc., a Delaware Corporation (collectively "defendants"). ECF Nos. 12, & 14. For the reasons stated below, the court will grant plaintiff's motion for TRO (ECF No. 12) and will reserve ruling on the preliminary injunction (ECF No. 14) at this time.

///

///

///

## I. BACKGROUND

This is contract dispute arising out of Kosterman's employment with defendants. In December 2015, Kosterman alleges she was hired by defendants as a Senior Vice President with an annual salary of $150,000.00 per year or $6,250.00 per pay period. ECF No. 6 ¶¶ 9-10. Shortly thereafter, Kosterman alleges her status was changed to "independent contractor" with no change to her salary. *Id.* ¶ 11. Kosterman claims that in August 2016 she was asked to defer a portion of her annual salary because of defendant's financial condition. *Id.* ¶ 12. Kosterman agreed and began receiving $2,500 per pay period from September 2016 through February 2019. *Id.* ¶¶ 12-15. Kosterman claims that she is owed $131,250.00 for deferred compensation back pay and $6,319.55 for travel expenses. *Id.* ¶ 17. Kosterman further claims that in January 2018 Defendants agreed, confirmed in email in May 2019, to pay her $143,000.00. *Id.* ¶ 18; ECF No. 12, Exs. 1 & 3.

On August 1, 2019, plaintiff filed a complaint and motion for a temporary restraining order ("TRO") and preliminary injunction in the Second Judicial District Court for the State of Nevada. ECF No. 1-1. On August 2, 2019, the state court granted plaintiff's motion in part, ordering defendants to sequester $143,000.000 of cash proceeds from the sale of the business to pay plaintiff, and plaintiff to post a bond in the amount of $5,000.00. ECF No. 1-2 at 11-13. On August 6, 2019, Newport removed the case to this District Court. ECF No. 1. Plaintiff then filed a First Amended Complaint and motion for TRO and preliminary injunction on August 8, 2019. ECF Nos. 6, 12.

In Kosterman's pending motion for TRO, she alleges that "Defendants are now attempting to sell their corporation and assets to avoid paying [her]." ECF No. 12 at 3. Kosterman claims that her demands for payment of the outstanding balance have gone unanswered and that if defendants are allowed to go through with the sale, she will be unable to recover her deferred income. *Id.* at 4. Kosterman therefore seeks, just as she motioned the state court, to have this court enjoin defendants from selling all of defendant's assets to a third party, or, in the alternative to sequester cash proceeds sufficient to pay her claim. *Id.*

///

## II. LEGAL STANDARD

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing; its provisional nature is designed to prevent irreparable loss of rights prior to judgment. *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (citing *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808–09 (9th Cir. 1963)). TROs are governed by Federal Rule of Civil Procedure 65(b), which states that the moving party must provide specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for a preliminary injunction can be heard. *Ditech Financial LLC v. American West Village II Owners Association*, Case No. 2-17-CV-2164 JCM (GWF), 2017 WL 3610559, at *2 (D. Nev. Aug. 22, 2017) (citing FED. R. CIV. P. 65(b)). Although a TRO can be issued without notice to the adverse party, in this case, defendant Newport removed this action to federal court following the state court's issuance of a TRO and was served with plaintiff's new TRO via the District Court's CM/ECF Electronic Notification System; therefore, Newport has sufficient notice of Kosterman's motion. *See* ECF Nos. 1, 12. Additionally, because Kosterman alleges that all defendants are affiliates, parents, subsidiaries, and/ or alter egos of each other, entry of the TRO without notice to the remaining defendants does not change the court's analysis. *See* ECF No. 6. To be entitled to a TRO, the moving party must demonstrate (1) a likelihood of irreparable injury if preliminary relief is not granted; (2) the balance of hardships weighs in its favor; (3) an injunction (or TRO in this case) is in the public's interest, and (4) a likelihood of success on the merits. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. DISCUSSION

First, pursuant to 28 U.S.C. § 1480, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." This "ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 436 (1974). However, an "ex parte temporary restraining order issued by a state court prior

3

to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Id.* at 439-440.

Under the Nevada Rules of Civil Procedure, a temporary restraining order filed ex parte remains in effect for no more than 14 days after date of entry. NEV. R. CIV. P. 65(b); FED. R. CIV. P. 65(b) (a TRO expires 14 days after date of entry, unless for good cause, the court extends). Therefore, unless or until the court dissolves or modifies the state court's prior order, it remains in effect until August 16, 2019.

Second, the court finds a TRO is appropriate in this case, and the appropriate relief is to mirror the state court's prior TRO ordering defendants to sequester $143,000.000 of cash proceeds from the sale of the business to pay plaintiff. Plaintiff has demonstrated a likelihood of irreparable injury if preliminary relief is not granted: plaintiff has alleged that the sale will result in defendants having no assets with which to pay her deferred compensation. Additionally, the balance of hardships weighs in Kosterman's favor. While it is true that defendants would be harmed if the court were to enjoin the sale of the business, the court agrees with the state court that the more appropriate remedy is sequestering the at-issue funds from the sale. The court finds that such a remedy sufficiently limits any potential harm to the defendants that would outweigh the harm plaintiff alleges she will suffer. Further, an injunction (or TRO in this case) is in the public's interest, as the public has a strong interest in enforcing contract rights and protecting the right of employees to be paid by their employers. Finally, Kosterman has demonstrated that she will likely succeed on the merits of her complaint. Evidence provided by plaintiff appears to show the defendant agreed to a payment plan for $143,000.00.

Federal Rule of Civil Procedure 65 requires that Kosterman post security in an amount the Court deems proper to protect defendants if it is later determined that an injunction should not have been issued. FED. R. CIV. P. 65(c). While the language of the rule is mandatory, the court has wide discretion whether to set a bond and for how much. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978); *Carillon Importers, LTD. v. Frank Pesce Int'l Group Limited*, 112 F.3d 1125, 1127 (11th Cir. 1997). In this case, the court determines,

4

like the state court, that a $5,000 bond is appropriate. Plaintiff is not required to post a new bond but is required to make assurances that the bond she posted pursuant to the state court's TRO remains in effect.

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED the state court's prior TRO remains in effect until August 16, 2019.

IT IS FURTHER ORDERED that plaintiff's motion for TRO (ECF No. 12) is **GRANTED in part** and **DENIED in part without prejudice**. As good cause exists, the court grants plaintiff's motion for a TRO until August 30, 2019, unless and until the court rules on plaintiff's motion for preliminary injunction. The court withholds ruling upon plaintiff's motion for a preliminary injunction pending hearing thereon.

IT IS FURTHER OREDERED that a preliminary injunction hearing is set for **August 26, 2019, at 1:30 PM**. Defendants must respond by **August 16, 2019**. No reply by plaintiff is needed.

IT IS SO ORDERED.

DATED this 9th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE